IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHERYL POINDEXTER,<br><br>Plaintiff,<br><br>v.<br><br>THE TOWN OF HASKELL, STEVE ARROWOOD, individually, THE ARROWOOD FAMILY REVOCABLE TRUST, TAMERA LAVERNE ARROWOOD, individually, JESSICA PARKS, individually and UNKNOWN OCCUPANTS,<br><br>Defendant. | Case No. 24-CIV-00071-RAW |

## ORDER

Before the court is the Motion to Dismiss and Brief in Support by Town of Haskell [Dkt. No. 13]. Plaintiff's Amended Complaint asserts constitutional claims under the Oklahoma and United States Constitutions, violations of the Federal Fair Housing Act 42, U.S.C. § 3601, et seq, ("FFHA"), and the Oklahoma Discrimination in Housing Act, Okla. Stat tit., § 1451, et seq, unlawful ejectment and civil extortion, and punitive damages arising out of the property she leased from Defendant Steve Arrowood. Additionally, Plaintiffs seek a declaratory judgment concerning the rights of all parties to the real property in question. The Town of Haskell has filed a Motion to Dismiss the Amended Complaint for the foregoing reasons the Motion is GRANTED in part and DENIED in part.

The Amended Complaint alleges the following claims against the Defendant Town of Haskell: (1) deprivation of property in violation of 42 U.S.C. §1983, (2) deprivation of property

without due process under the Fifth Amendment of the United States Constitution, (3) deprivation of property in violation of the Fourteenth Amendment of the United States Constitution , (4) a violation of the Federal Fair Housing Act 42 U.S.C. § 3604 (a), (b), (c), (5) deprivation of property without due process under the Oklahoma Constitution Article 2 § 7, (6) a violation of the Oklahoma Discrimination in Housing Act, (7) unlawful ejectment, (8) Civil Extortion, and (9) punitive damages. The Defendant, Town of Haskell ("Town") moves to dismiss all of the Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12 (b) (6) arguing that plaintiff has fails to plead any legally cognizable claims against the Town.

## I.     Legal Standard

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted); see also *Robbins* v. *Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face." (internal quotation marks omitted)). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In a case against multiple defendants, "it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations." *Robbins*, 519 F.3d at 1250 (emphasis in original).  Otherwise, the complaint would fail to provide fair notice and to present a plausible right to relief.

The Tenth Circuit has held that the "*Twombly/Iqbal* standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Khalik* v. *United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citing *Robbins* v. *Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "In other words, Rule 8(a)(2) still lives." *Id*. (emphasis added). "Under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Burnett* v. *Mortgage Elec. Registration Sys., Inc*., 706 F.3d 1231, 1235-36 (10th Cir. 2013) (quoting *Khalik*, 671 F.3d at 1191) (emphasis added).

For purposes of the motion to dismiss, the court accepts as true all well-pleaded facts in the Amended Complaint and construes those facts in the light most favorable to Plaintiffs. *Western Watersheds Project* v. *Michael*, 869 F.3d 1189, 1193 (10th Cir. 2017). Of course, the court does not accept as true conclusory statements or legal conclusions. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp*. v. *Twombly*, 550 U.S. 544, 555 (2007)). To survive the motion to dismiss, the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiffs must nudge their "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

**<u>Pertinent Allegations</u>**

In April of 2015 the Plaintiff, Cheryl Poindexter ("Plaintiff" or "Ms. Poindexter") entered into a lease of the residential property owned by Steven Arrowood located at 416 and 418 S. Choctaw, Haskell Oklahoma 74336. *See*. Dkt. No. 11 at ¶11. Plaintiff lived in the residence with

3

her boyfriend and alleges that she believes Mr. Arrowood was aware of this. *Id* at ¶13. Plaintiff alleges that in May 2015, the lease agreement was modified to be a "lease purchase" agreement wherein Defendant Arrowood agreed to sell the home to the Plaintiff for $35, 000 with a $6,000 down payment and subsequent monthly payments of $350 for a term of eighty-nine (89) months. *Id* at ¶15. At the end of the term, the property would be deeded to Ms. Poindexter. Under the terms of the alleged agreement, Mr. Arrowood was responsible for paying the taxes on the subject property until the end of the contract term when ownership would transfer. For several years Mr. Arrowood was apparently not paying the taxes as promised and in Spring 2019 the Muskogee County Treasurer and posted tax sale notices at the property in June 2019. To prevent the sale, Ms. Poindexter alleges that she paid the taxes. Then in 2020 Ms. Poindexter's boyfriend moved out of the house.

Later, on an unspecified day in 2021, "The head of Code Enforcement for the Town of Haskell contacted Ms. Poindexter and informed her that she would need to vacate the home because it did not have running water. Dkt. No. 11 at 38. Plaintiff further alleges that "[t]he head of code Enforcement for the Town of Haskell was the mother of Defendant Parks" who had recently moved into the property across the street from Ms. Poindexter. On other occasions Plaintiff alleges that "[m]ale law enforcement officers who worked for the Town of Haskell came to the Plaintiff's home numerous times to threaten and to harass her about forcibly removing her from the property and to make intimidating remarks to her about returning to the property." Dkt. No. 11 at ¶ 43.

Plaintiff alleges that was unable to access the home and her personal property that remained in the home from May 2021 until 2023 when the subject property burned down. *Id* at ¶59. Plaintiff believes that an unknown insurer paid for the loss of the home. The Amended Complaint states

4

that "Ms. Poindexter is unsure which insurer paid for the loss of the home or who received the proceeds." Dkt. No. 11 at 10. Plaintiff alleges that she was wrongfully removed from the property and was deprived of her right to occupy the premises and to her personal possessions that remained in the home. "Neither Defendants Arrowood nor Parks filed an action for forcible entry and detainer to remove Ms. Poindexter during her occupancy of the real property. No employee of Haskell acted pursuant to a court order when they aided the individual Defendants in the dispossession of Ms. Poindexter from the real property." Dkt. No. 11 at ¶ 55.

## II.    Plaintiff's Constitutional Claims

The Plaintiff asserts a deprivation of property under 42 U.S.C. § 1983 arising out of a due process claims she brings under the Fifth and Fourteenth Amendments.[1] First, the Plaintiffs claim under the Fifth Amendment should be dismissed. The Due Process Clause of the Fifth Amendment applies only to the actions of the federal government, while the Due Process Clause of the Fourteen Amendment applies to the actions of state governments. U.S.C.A. Const. Amends. 5, 14. *Koessel* v. *Sublette Cnty. Sheriff's Dep't,* 717 F.3d 736 (10th Cir. 2013). The Amended Complaint does not allege that the Town of Haskell's actions can in any way be attributed to the Federal Government. The Plaintiff also fails to allege any action taken on behalf of the Federal Government that harmed the Plaintiff and is connected to the Town. Thus, because the Plaintiff entirely fails to allege any action taken by the Federal Government, her claim against the Town of Haskell under the Fifth Amendment is therefore DISMISSED.

---

[1] The Plaintiff lists a separate cause of action for a "Deprivation of Property Without Due Process of Law under 42 U.S.C. §1983" however, section 1983 itself does not establish or create any federally protected right. Rather, it is the statute that allows the Plaintiff to enforce rights guaranteed to the Plaintiff by the Federal Constitution. Accordingly, while the Plaintiff lists a separate claim for a violation of §1983 and her two claims under the United States Constitution, the court will address them together.

### A. Legal Standards for Due Process Claims

Ms. Poindexter's Due Process claims under the Fourteenth Amendment and under the Oklahoma Constitution require more analysis. The Fourteenth Amendment prohibits the state from depriving any person "of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Due process has two components substantive due process and procedural due process. "Procedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision." *Onyx Props. LLC* v. *Bd. of Cnty. Commissioners of Elbert Cnty.*, 838 F.3d 1039, 1043 (10th Cir. 2016). Our analysis of the Plaintiff's due process claim under the Fourteenth Amendment is challenged by the fact that she does not make clear whether it is a procedural or substantive due process claim, or both. For the purposes of this motion, the court assumes she intended to plead both and will analyze each claim.

### i. Substantive Due Process

Under the Fourteenth Amendment of the United States Constitution, there are two substantive due process claims: (i) where the plaintiff alleges that the government has infringed upon a fundamental right, see *Washington* v. *Glucksberg*, 521 U.S. 702, 721-22, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997)("*Glucksberg*"); and another (ii) where the plaintiff alleges that a government action has deprived arbitrarily the plaintiff of life, liberty, or property, in a manner that shocks the judicial conscience. *See Rochin* v. *California,* 342 U.S. 165, 172, 72 S.Ct. 205, 96 L.Ed. 183 (1952)(concluding that a sheriff's application of stomach pumping to force an arrestee to vomit shocked the conscience). An arbitrary deprivation of a property right may violate the substantive component of the due process clause if the arbitrariness is extreme. "The plaintiff must

demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." *Id*. (internal quotation marks omitted). A high level of outrageousness is required. *See id*. at 1223. The Tenth Circuit has stated:

> The ultimate standard for determining whether there has been a substantive due process violation is whether the challenged government action shocks the conscience of federal judges. It is well settled that negligence is not sufficient to shock the conscience. In addition, a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power.

*See id*. at 1222 (internal quotation marks omitted). These limits reflect the need to restrict the scope of substantive due process claims, the concern that § 1983 not replace state tort law, and the need to give deference to local policymaking bodies' decisions relating to public safety. *See id.* at 1223. *Klen* v. *City of Loveland, Colo*., 661 F.3d 498, 512–13 (10th Cir. 2011).

Plaintiffs also assert a claim for a violation of substantive due process under the Oklahoma Constitution. Under Oklahoma law, substantive due process of law is the general requirement that all governmental actions have a fair and reasonable impact on the life, liberty, or property of the person affected. Arbitrary action is thus proscribed. *Braitsch* v. *City of Tulsa*, 2018 OK 100, ¶ 7, 436 P.3d 14, 19, as corrected (Dec. 19, 2018) citing *City of Edmond* v. *Wakefield*, 1975 OK 96, ¶ 5, 537 P.2d 1211, citing *Griswold* v. *Connecticut*, 381 U.S. 479, 511-12, 85 S.Ct. 1678, 1696-97, 14 L.Ed.2d 510, 513-32 n.4 (1965).

In the present case, the Amended Complaint fails to state a claim for a violation of substantive due process under either the Oklahoma or United States constitutions. First, with respect to the federal substantive due process claim. The Plaintiff alleges a violation of her property rights. Therefore, to sustain this claim, she must allege that the Town engaged in arbitrary conduct that shocks the judicial conscience. *See Rochin* v. *California,* 342 U.S. 165, 172, 72 S.Ct. 205, 96 L.Ed. 183 (1952). Even reading the Amended Complaint in the light most favorable to the Plaintiff,

7

no conscience shocking conduct is alleged. Ms. Poindexter claims that the Town officials told her she needed to vacate the property, that officers made "harassing" comments, and that the employees of the town "conspired" with Defendants Arrowood and Parks to lock Plaintiff out of the property and deprive her of access to her personal property. Dkt. No. 11 at ¶ 42. First, the Court is not obliged to accept Plaintiffs non factual legal conclusion that the employees of the Town conspired with other Defendants. However, even if it did, this would not change the fact that the Plaintiff has simply not alleged that the Town engaged in any conscience shocking behavior. Even assuming the officers' conduct really was harassing, this while potentially wrongful is not the kind of conscience shocking behavior that constitutes a violation of Ms. Poindexter's substantive due process rights.

Additionally, with respect to the Plaintiff's claim under the Oklahoma Constitution, she has not alleged any arbitrary actions by the Town. The Amended Complaint admits that the Town's actions were ostensibly taken due to a need to abate a nuisance caused by the lack of running water, thus the government action is not arbitrary. The Plaintiff suggests that the Town contacted her regarding the lack of running water and sent officers to her house because she was a single woman, however she does not allege any factual statements that could plausibly support a conclusion that this was the Town's motive. Accordingly, even in the light most favorable to the Plaintiff, the Amended Complaint does not allege any conscience shocking or arbitrary action by the Town and thus fails to state a claim for a violation of substantive due process under either the United States or the Oklahoma Constitutions. Therefore, the Plaintiffs substantive due process claim against the Town is hereby DISMISSED.

### ii. Procedural Due Process

Under the Fourteenth Amendment of the United States Constitution a claim involving procedural due process, consists of two elements: "(1) a constitutionally protected liberty or property interest, and (2) a governmental failure to provide an appropriate level of process." *Citizen Ctr.* v. *Gessler*, 770 F.3d 900, 916 (10th Cir. 2014). Similarly, under Oklahoma law, courts apply a two prong test to determine whether an individual was denied procedural due process: (1) whether the individual possessed a protected interest to which due process protection applies; and (2) whether the individual was afforded an appropriate level of process. *Hill* v. *American Medical Response*, 2018 OK 57, ¶ 43, 423 P.3d 1119; *In re Adoption of K.P.M.A.*, 2014 OK 85, ¶ 17, 341 P.3d 38; *Thompson* v. *State ex rel. Bd. of Trustees of Okla. Pub. Employees Ret. Sys.*, 2011 OK 89, ¶ 16, 264 P.3d 1251. *Braitsch* v. *City of Tulsa*, 2018 OK 100, ¶ 4, 436 P.3d 14, 18, as corrected (Dec. 19, 2018). The answer to the second inquiry, however, must be determined on a case-by-case basis because the due process clause does not by itself mandate any particular form of procedure. It calls for such procedural protection as the particular situation demands. *McLin* v. *Trimble*, 1990 OK 74, 795 P.2d 1035, 1040 (citing *Mathews* v. *Eldridge*, 424 U.S. 319, 322, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

The Amended Complaint alleges that the right at stake is Plaintiffs alleged right to occupy the subject property created through the lease to own arrangement and the rights to the personal property that remained in the home. The court's analysis of this claim is challenged by the Plaintiff's vague allegations regarding the Town's actions. While the Plaintiff admits the Town instructed her to vacate the home due to the lack of running water. *See* Dkt. No. 11 at ¶ 38 and ¶ 43. Thus, actions taken by the Town aimed at abating this nuisance may have been lawful. However, it is unclear from the Amended Petition what process the Plaintiff was provided by the

Town before being removed other than the phone call and the visits from officers. It is also unclear exactly what role the Town played in removing her. Ms. Poindexter does not specifically allege that the Town either did not follow the prescribed procedure for the abatement of a nuisance or that the procedure is constitutionally insufficient. Additionally, it is unclear given that the Amended Complaint admits that the title to the property changed around the same time, exactly who locked Plaintiff out of the house and for what reason.

In support of its Motion to Dismiss, the Town argues that it was lawfully enforcing relevant public health ordinances to abate the nuisance created by the lack of running water in the home. In support of this argument, the Town urges that the court take judicial notice of a municipal ordinance regarding nuisance and sanitation without converting the motion into one for summary judgment. While courts must typically disregard facts supported by documents other than the complaint, there are exceptions. Relevant to this case is the exception allowing courts to consider materials that are subject to judicial notice, including court documents or other public records. *Tal v. Hogan,* 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). We agree with the Defendant Town that we may properly consider the ordinances which are a matter of public record without converting the instant motion into one for summary judgment.

The Ordinances relied on by the Town define a lack of running water as a health nuisance and give the Town authority to "order the owner or occupant of any private premises in the town to remove" the conditions that are causing a health nuisance. Town Ordinance 8.16.90-8.16.120. If the order is not complied with, the health officer may "cause the order to be executed". Town Ordinance 8.16.1 (B). However, the ordinances do not clearly define what form or substance is required of the order given to the occupant of the residence or the procedure for causing said order to be executed. In her subsequent Brief addressing the Motion to Dismiss, Ms. Poindexter argues

that "this Court should deduce that employees did not follow the procedures set forth in the municipal ordinance" and that "the First Amended Complaint does not allege that the Town gave the opportunity to cure the alleged nuisance before its employees ejected her from her home". Dkt. No. 16 at 4.

Both the ordinance and the Amended Complaint are too vague for this court to determine as matter of law at this stage what process was required or provided to Ms. Poindexter before the Town denied her access to the home. We disagree with the Plaintiff's assertion that we should infer that the Town did not follow the prescribed procedure. However taking the allegations in the Amended Complaint as true, Ms. Poindexter sufficiently raises a question of fact regarding whether Plaintiff received adequate notice and opportunity to be heard prior to being denied access to property and she sufficiently alleges that the Town may have been involved in removing her from the premises. Accordingly, the Town's Motion is DENIED as to Plaintiffs procedural due process claims under the United States and Oklahoma Constitutions.

### III. Plaintiff's Fair Housing Claims

Ms. Poindexter alleges that the Town violated Federal and Oklahoma fair housing laws by discriminating against her based on her sex and familial status as a single woman. Plaintiff alleges that the Town violated the Fair Housing Act 42 U.S.C. §3604 (a), (b), and (c). Dkt. No. 11 at 12 ¶ 70. This section makes it unlawful to:

> (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.
> (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.
> (c) To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion,

sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

42 U.S.C. § 3604 (a), (b), (c).

Similarly, the Oklahoma Discrimination in Housing Act ("ODHA") under which Plaintiff also asserts a claim imposes the same obligations.[2]

The only allegation Plaintiff offers in support of her gender discrimination claim is the conclusory assertion that the Town targeted her because she was a single female. In reference to the officers who visited her home, Plaintiff alleges that she "perceived that the officers mistreated her because she was a single female who lived in the home alone." Dkt. No. 11 at 8. She also points to the fact that the events giving rise to this litigation occurred after her boyfriend moved out, thus implying her newly single status prompted the Town's actions. Even construing the complaint in the light most favorable to the Plaintiff, these allegations fail to state a claim under the Fair Housing Act or the Oklahoma fair housing laws. The Plaintiff does not point to any discriminatory conduct attributable to the Town. *Bangerter* v. *Orem City Corp.*, 46 F.3d 1491, 1501 (10th Cir. 1995).

---

[2] Pursuant to 25 Okla. Stat. Ann. §§ 1452(A) (1)- (3) It shall be an unlawful discriminatory housing practice for any person, or any agent or employee of such person:
> 1. To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of any housing, or otherwise make unavailable or deny any housing because of race, color, religion, gender, national origin, age, familial status, or disability;
> 2. To discriminate against any person in the terms, conditions, or privileges of sale or rental of housing, or in the provision of services or facilities in connection with any housing because of race, color, religion, gender, national origin, age, familial status, or disability;
> 3. To make, print, publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of housing that indicates any preference, limitation, discrimination, or intention to make any such preference, limitation, or discrimination because of race, color, religion, gender, national origin, age, familial status, or disability;

Okla. Stat. Ann. tit. 25, § 1452 (West)

Instead, Plaintiff merely emphasizes the fact that the law enforcement officers were male and claims she perceived that they mistreated her. This subjective assertion is speculative at best when the Plaintiff fails to identify any discriminatory statements by these officers. Additionally, none of the facts alleged indicate that there was any disparate treatment or harassment of Ms. Poindexter. The fact that the officers were male and that the events she complained of occurred after her boyfriend moved out simply fail to create a reasonable inference of discrimination. The well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Here, the facts to not support such an inference. Thus, the Plaintiff fails to state a claim under either the Fair Housing Act or the Oklahoma discrimination in housing act and the Town's Motion to Dismiss as to this claim is therefore GRANTED. Additionally, Plaintiffs claim for punitive damages arising out of her FHA claim is also hereby DISMISSED.

IV.	**Plaintiff's Civil Conspiracy claim**

To establish a claim for civil conspiracy, a plaintiff must show by a preponderance of the evidence that there exists: (1) an object to be accomplished; (2) an agreement by two or more persons on a course of action to accomplish that object; (3) in furtherance of that course of action, one or more unlawful acts which were performed to accomplish a lawful or unlawful goal, or one or more lawful acts which were performed to accomplish an unlawful goal; and (4) damages to the plaintiff as a proximate result. *Magin* v. *DVCO Fuel Sys., Inc.*, 981 P.2d 673 (Colo. App. 1999). *Fifth Third Bank* v. *Morales*, No. 16-CV-01302-CMA-STV, 2017 WL 6492108, at *6 (D. Colo. Dec. 19, 2017).

Nowhere in the Amended Complaint does the Plaintiff allege that there was any agreement between the Town and any of other named Defendants to dispossess the Plaintiff of the property in question. Instead, the Amended Complaint simply offers the bare legal conclusion that

13

"Defendants Arrowood and Parks conspired together, and with code enforcement and law enforcement personnel, to lock the Plaintiff out of the property" and deprive her of further access. Dkt. No. 11 at ¶ 42, p. 8. To salvage this claim, Plaintiff argues that the Amended Complaint clearly "implicated that all Parties acted in concert in the dispossession of her from her real property." Dkt. No. 16 at 6. However, even assuming the lockout was unlawful, the Amended Complaint fails to allege any facts suggesting that there was any agreement between the parties. Even if we assume that the unlawful conduct occurred as alleged in Plaintiff's other claims, there are still no facts suggesting any agreement among the parties. Asserting baldly that the Defendants conspired is a legal conclusion, not a factual allegation. Accordingly, the Town's Motion is GRANTED as to this claim.

V.  **Wrongful Ejectment**

In an action in ejectment the plaintiff must show (1) plaintiff's title; (2) plaintiff's right of possession; and (3) wrongful possession of defendant. 12 Okl. St. Ann. § 1148.6. *Rogers* v. *Bailey*, 2011 OK 69, 261 P.3d 1150. Even reading the facts alleged in the light most favorable to the Plaintiff, the Amended Complaint does not create a plausible claim that the town engaged in unlawful ejectment. First Plaintiff does not allege that she had the title to the subject property. She alleges that pursuant to the lease to own agreement Plaintiff was to pay Defendant Arrowood a total of $35, 500.00 over the course of 89 months for the premises. Dkt. No. 15. Then, Plaintiff further alleges that she made payments until July 2019 and those payments totaled $32, 500.00. Dkt. No. 11 at ¶ 18. Plaintiff does not allege that the Title ever passed to her. Instead, she admits that Defendant Arrowood sold the property to Defendant Parks in 2021. Dkt. No 11 at ¶ 40. The Plaintiff's allegations therefore contradict any suggestion that she held the title to the subject

property and consequentially she fails to allege the first necessary element of this claim. Accordingly, the claim against Town for wrongful ejectment is hereby DISMISSED.

Finally, Plaintiff's civil extortion and punitive damages claims against the Town must also be dismissed. First, this tort claim is ostensibly brought under Oklahoma law, however, Oklahoma does not recognize a civil cause of action for extortion. *Chapman* v. *Chase Manhattan Mortgage Corp.*, No. 04–CV–0859, 2007 WL 2815426 (N.D.Okla. September 24, 2007) (unpublished op. (Oklahoma law does not recognize either extortion or duress as civil causes of action.), citing *Roberts* v. *Wells Fargo AG Credit Corp.*, 990 F.2d 1169, 1174 (10th Cir.1993). Additionally, Plaintiff merely alleges that she was a told by the town and by police officers that she would need to vacate the property due to the lack of running water and then asserts the legal conclusion that she has established a claim for civil extortion. Her own pleadings admit that the Town's actions were due to the lack of running water. These comments, made in the context of code enforcement cannot be fairly described as a wrongful threat made to obtain her property. Accordingly, Plaintiff's civil extortion claim is hereby DISMISSED.

Additionally, the Plaintiff pleads a cause of action for punitive damages. Punitive Damages do not constitute a separate and independent cause of action and is only an incidental or collateral to a claim for actual damages. *Gilbreath* v. *Phillips Petroleum Co.*, 526 F. Supp. 657, 660 (W.D. Okla. 1980). Therefore, the Defendant Town's motion to dismiss this claim is hereby GRANTED.

The Town of Haskell has filed a Motion to Dismiss the Amended Complaint [Dkt. No. 13] for the foregoing reasons the Motion is GRANTED in part and DENIED in part.

**IT IS SO ORDERED** on this 10th day of September 2025.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**